|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 4:07-CR-185-1 |
| § | |
| CARLOS JESUS MADUENO § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Carlos Jesus Madueno's ("Madueno") *pro se* Motion for Reduction in Sentence and Motion to Appoint Counsel (##535, 536). The Government has filed a response in opposition (#539). Having considered the motions, the Government's response, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motions should be denied.

I.  Background

On September 13, 2007, a federal grand jury in the Eastern District of Texas returned a two-count Indictment naming Madueno and 11 codefendants. Madueno was charged in Count 1 with Conspiracy to Distribute Methamphetamine, Cocaine, and 3,4 Methylenedioxymethamphetamine (MDMA a/k/a "Ecstasy"), in violation of 21 U.S.C. § 846, and in Count 2 with Conspiracy to Distribute Ephedrine, in violation of 21 U.S.C. § 846. On September 30, 2008, Madueno pleaded guilty to Count 2 pursuant to a plea agreement which stipulated that his "base offense level is 38 because the defendant is responsible for more than 100 kilograms of ephedrine." Subsequently, on February 12, 2009, the court sentenced Madueno to 240 months' imprisonment, to be followed by a 3-year term of supervised release.

II.     Appointment of Counsel

Madueno requests the appointment of counsel to assist him in filing a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines.  There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."); *see Garza v. Idaho*, ___ U.S. ___, 139 S. Ct. 738, 749 (2019); *McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991); *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021) (finding that "every federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings"); *Whitaker v. Collier*, 862 F.3d 490, 501 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1172 (2018); *In re Sepulvado*, 707 F.3d 550, 554 (5th Cir.), *cert. denied*, 571 U.S. 952 (2013). Specifically, the Supreme Court of the United States has stated:

> Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.  Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals.  We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.

*Finley*, 481 U.S. at 555 (internal citations omitted).

The court may, however, in the interest of justice, appoint counsel to assist a defendant in the pursuit of post-conviction relief where a defendant has raised nonfrivolous claims with factually and/or legally complex issues.  *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) ("After [a defendant's first appeal], the decision whether to appoint counsel rests in the

discretion of the district court."); *accord United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010).

> The exercise of discretion in this area is guided . . . by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim.

*United States v. Molina-Flores*, No. 3:16-CR-130-N (19), 2018 WL 10050316, at *2 (N.D. Tex. Feb. 13, 2018) (quoting *Jackson v. Coleman*, No. 3:11-cv-1837, 2012 WL 4504485, at *4 (M.D. Pa. Oct. 2, 2012)); *see Scoggins v. MacEachern*, No. 04-10814-PBS, 2010 WL 3169416, at *1 (D. Mass. Aug. 10, 2010) ("In order to obtain appointed counsel, 'an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel.' The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts." (quoting *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986))).

Madueno is not entitled to the appointment of counsel to assist him with seeking a sentence reduction under § 3582(c)(2). *See Finley*, 481 U.S. at 555; *Whitebird*, 55 F.3d at 1010-11 (declining to recognize constitutional or statutory right to assistance of counsel in bringing § 3582(c)(2) motion for sentence reduction); *United States v. Vasquez*, No. CR 2:18-1282-S-1, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020) ("There is no right to counsel in § 3582 or other post-appellate criminal proceedings."). Moreover, Madueno provides no basis for the court to conclude that the appointment of counsel would benefit him or the court in addressing his request. In any event, Madueno has failed to raise any potentially viable claims or any factually

or legally complex issues that could arguably justify the appointment of post-conviction counsel. Thus, the court finds that the discretionary appointment of counsel is not warranted. *See* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"). Accordingly, Madueno's motion for appointment of counsel is denied.

III.	Amendment 782

Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *Dillon v. United States*, 560 U.S. 817, 819 (2010); *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020); *United States v. Banks*, 770 F.3d 346, 348 (5th Cir. 2014); *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011); *United States v. Alonzo*, 516 F. Supp. 3d 623, 632 (E.D. Tex. 2021). Pursuant to 18 U.S.C. § 3582(c), a district court is authorized to modify a previously imposed term of imprisonment only under the following circumstances: (1) when the court receives a motion from the Director of the Bureau of Prisons ("BOP"), or under certain circumstances, a motion from the defendant, indicating that there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) when the district court, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, acting within 14 days after the imposition of sentence, wishes to correct an arithmetical, technical, or other clear error identified in a previously imposed sentence; (3) when the defendant has provided substantial assistance and the government moves for a sentence reduction; or (4) when the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c); *see United States v. Lopez*, 989 F.3d 327, 332

(5th Cir. 2021) ("Section 3582(c)(2) permits the discretionary modification of a defendant's sentence 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o),' so long as the 'reduction is consistent with applicable policy statements.'"); *Banks*, 770 F.3d at 348; *United States v. Meza*, 620 F.3d 505, 507 (5th Cir. 2010).

Madueno relies on Amendment 782 to the United States Sentencing Guidelines—effective November 1, 2014, and made retroactive by U.S.S.G. § 1B1.10(d)—which decreased base offense levels for certain drug offenses. *See United States v. Avila*, 815 F. App'x 791, 792-93 (5th Cir. 2020); *United States v. Calton*, 900 F.3d 706, 709 n.1 (5th Cir. 2018); *United States v. Morgan*, 866 F.3d 674, 675 (5th Cir. 2017); U.S.S.G. supp. app. C. Amendment 782 permits the district court to reduce the sentences of defendants imposed based on the drug quantity tables under U.S.S.G. § 2D1.1. *United States v. Quintanilla*, 868 F.3d 315, 317 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1283 (2018). The amendment generally provides "a two-level reduction to offense level based on the drug quantity." *Id.* (citing U.S.S.G. supp. app. C, Amendment 782 (2014)); *Avila*, 815 F. App'x at 793; *Calton*, 900 F.3d at 709 n.1; *Morgan*, 866 F.3d at 675.

According to the guidelines manual in effect at the time of Madueno's sentencing, three kilograms or more of ephedrine resulted in a base offense level of 38. U.S.S.G. § 2D1.11(d)(1) (2008). Following the passage of Amendment 782, nine kilograms or more of ephedrine were required to yield a base offense level of 38. U.S.S.G. § 2D1.11(d)(1) (2014). Madueno was found responsible for 100 kilograms of ephedrine—well above the nine kilograms under Amendment 782; thus, Amendment 782 has no impact on his base offense level. Moreover, Madueno was sentenced to the statutory maximum of 20 years' imprisonment, significantly below

5

the guideline range of 360 months to life for the quantity of ephedrine involved in the offense. Accordingly, Madueno is not eligible for a reduction of his sentence based on Amendment 782.

IV.     Conclusion

In accordance with the foregoing analysis, Madueno's *pro se* Motion for Reduction in Sentence and Motion to Appoint Counsel (##535, 536) are DENIED.

SIGNED at Beaumont, Texas, this 19th day of October, 2022.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE